Linda J. Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendant - *Municipality of Anchorage*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM BAXTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MUNICIPALITY OF ANCHORAGE, )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:20-cv-00299 HRH |

## MOTION FOR PROTECTIVE ORDER

Defendant Municipality of Anchorage (MOA) moves for a protective order pursuant to Federal R. of Civ. P. 26(c) and the Scheduling and Planning Order, Section II.E. The proposed protective order was sent to opposing counsel for review, but no response was received.[1]

The MOA seeks a protective order for a limited portion of potential discovery. The documents that the MOA seeks to protect include: the identification of non-party MOA

---

[1] Likewise, the MOA has not received Baxter's Initial Disclosures which were due March 22, 2021. The MOA timely sent its own Initial Disclosures.

employees who also applied for the promotion that Plaintiff William Baxter (Baxter) sought; any portion of the personnel files of non-party employees; applications and resumes; interview notes; and other employee personnel matters not subject to a public record request.

In Alaska, an individual's right to privacy is specifically protected by Article I, §22 of the Alaska State Constitution which states that "[t]he right of the people to privacy is recognized and shall not be infringed." "The Alaska Supreme Court has interpreted the right to privacy to extend to the communication of 'private matters,' 'a person's more intimate concerns,' 'the type of personal information which, if disclosed even to a friend, could cause embarrassment or anxiety.'" *Anchorage Police Dep't. Employees Ass'n v. Municipality of Anchorage,* 24 P.3d 547, 566-67 (Alaska 2001) (quoting *Doe v. Alaska Superior Court*, 721 P.2d 617, 629 (Alaska 1986)). A court may recognize a right to privacy where an individual has an actual or subjective expectation of privacy and the expectation is one "that society is prepared to recognize as reasonable." *Jones v. Jennings*, 788 P.2d 732, 738 (Alaska 1990) (quoting *State v. Glass*, 538 P.2d 872, 875 (Alaska 1978)).

Disclosure of the personnel records at issue would constitute an invasion of privacy of the non-party MOA employees. Federal courts ordinarily recognize a constitutionally-based right of privacy raised in response to discovery requests. See *Breed v. United States Dist. Ct. for Northern District,* 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the court's need for ward files). The Court should recognize the right to privacy of the MOA employees who are not a party to this lawsuit. Their personnel information may by relevant only because Baxter has filed a claim against

Motion for Protective Order
*Baxter v MOA/*Case No. 3:20-cv-00299 HRH
Page 2 of 4
Case 3:20-cv-00299-HRH   Document 17   Filed 03/31/21   Page 2 of 4

the MOA in which he alleges he was more qualified for a promotion than the person the MOA selected.

It is true that the privacy right is not absolute. "When a matter does affect the public, directly or indirectly, it loses its wholly private character, and can be made to yield when an appropriate public need is demonstrated." *Ravin v. State*, 537 P.2d 494, 504 (Alaska 1975). However, both *Jones v. Jennings* 788 P.2d 732 (Alaska 1990) and *Noffke v. Perez*, 178 P.3d 1141 (Alaska 2008) have held that personnel files are the type of documents in which an employee has an expectation of privacy and there is no good cause for the personnel records to be made public. Therefore, if such documents are to be produced, the MOA asserts that the documents must be produced only under the confidentiality restrictions of a protective order.

Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against the privacy right asserted. *Perry v. State Farm Fire & Cas. Co.,* 734 F.2d 1441, 1447 (11th Cir.1984), cert. denied 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 778 (1985) (requests for court orders for release of information from government agencies should be evaluated by balancing need for disclosure against potential harm to the subject of the disclosure); *Rubin v. Regents of Univ. of Cal*if., 114 F.R.D. 1 (N.D.Cal.1986) (balancing university's interest in confidentiality against plaintiff's need to prove discrimination). The proposed protective order will minimize the impact of disclosure and limit that disclosure to opposing counsel. It is unnecessary for the general public to view personnel records of on-party MOA employees.

Balancing the privacy interests of the non-party MOA employees versus the need for discovery, the Court should order that the discovery of personnel records may only be had subject to the narrowly drawn protective order.

Respectfully submitted this 31st day of March 2021.

                                                KATHRYN R. VOGEL
                                                Municipal Attorney

                                       By:   s/Linda J. Johnson
                                                Municipal Attorney's Office
                                                P.O. Box 196650
                                                Anchorage, Alaska 99519-6650
                                                Phone: (907) 343-4545
                                                Fax: (907) 343-4550
                                                E-mail: uslit@muni.org
                                                Alaska Bar No. 8911070

<u>Certificate of Service</u>
The undersigned hereby certifies that on 03/31/2021, a true and correct copy of the foregoing was served on:

Isaac D. Zorea

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s Marie Stafford
Marie Stafford, Legal Secretary
Municipal Attorney's Office